# A. M. EASTON ET AL., RESPONDENTS, v. M. O'REILLY ET AL., E. W. BURR, E. F. NORTHAM, AND HENRY JONES, APPELLANTS.

EJECTMENT — PRACTICE — AMENDING COMPLAINT — PARTIES — LANDLORD AND TENANT. — The action was ejectment. The complaint was filed in 1874, against defendants Burr and O'Reilly, who answered. In 1875, the complaint was amended naming as defendants O'Reilly, Northam, Burr, Silva, and John Doe Jones. In 1878, a second amended complaint was filed naming as defendants O'Reilly, one Haubricht, Burr, Northam, Silva, Henry Jones, John Doe, Richard Roe, and Peter Roe. The evidence showed that O'Reilly was not in possession when the suit was brought, and that he had sold the property just before the commencement of the action to Burr and Northam. From the time of the sale to Burr and Northam, and for several months after the complaint was filed, Jones was in possession as tenant of Burr and Northam. Haubricht succeeded Jones and was in possession under a lease at the time of filing the second amended complaint. The court granted a nonsuit as to O'Reilly, Haubricht, and Silva, but refused it as to Jones. Defendants then moved for a nonsuit as to Burr and Northam on the ground that it was not proven that either of them was in possession personally or was the landlord of any defendant who was in possession at the time the action was commenced against such defendant; which motion was denied. *Held*, that no error was committed.

ID. — SWAMP LANDS — EVIDENCE — ACTS OF 1858 AND 1868. — The Act of the Legislature of 1858 did not forbid the sale of swamp and overflowed lands within the limits of five miles beyond the city and county of San Francisco, and where a certificate of purchase had issued under that act for lands within those limits, the Act of 1868 and amendments thereto containing a prohibition against the sale of such lands, do not defeat the rights of the purchaser, or those claiming under him, to a patent.

ID. — STATUTE OF LIMITATIONS. — The plaintiffs claimed title to the land under a patent from the State therefor as swamp and overflowed, issued in 1871, and following a certificate of purchase issued in 1859. The defendants pleaded the Statute of Limitations, and offered to prove an actual, exclusive, and continuous occupation and possession by them and their grantors under claim of title against all the world, for more than ten years before the issuing of the patent, and more than fifteen years before the commencement of the action, and that neither the State nor any one claiming under the State had received the rents, issues, or profits of the premises within that period. The action was commenced on the 20th of January, 1874, one of the defendants against whom the judgment was rendered being named in the original complaint, and the others in the first amended complaint filed on the 8th of March, 1875. Nothing was said in the offer as to the time at which the land had been certified to the State by the commissioner of the general land office as swamp and overflowed land. *Held*, that the offer was properly rejected.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts sufficiently appear in the head notes and opinion of the court.

*A. N. Drown,* and *E. W. McGraw,* for Appellants.

The nonsuit as to Henry Jones should have been granted. He was first made a defendant March 8, 1875. The only testimony as to his possession of the premises is that of defendant E. W. Burr, who says: "Haubricht went in under lease from Burr and Northam, about the middle of 1874. From December 10, 1873, until Haubricht went in, defendant Jones was in possession as tenant of Burr and Northam."

This evidence discloses the fact that Jones was the party as against whom the action should originally have been commenced, but he was not made a party to the original action, and when he first became a party in 1875, he was no longer in possession, but had yielded possession to Haubricht. (*Lawrence* v. *Ballou,* 50 Cal. 258.)

The motions for nonsuit in the cases of Burr and Northam rest on a different principle.

Burr was an original party defendant, Northam came in as defendant for the first time in 1875. The evidence fails to disclose that either one had a *possessio pedis* of the land in controversy at the time the action was commenced, or at any time thereafter.

The action was barred by sections 315 and 316 of the Code of Civil Procedure, defendant having been in the exclusive, actual, and continued possession and occupation of the premises for more than ten years.

*Taylor & Haight,* for Respondents.

MYRICK, J.—This is an action of ejectment. The plaintiffs had judgment as to defendants Burr, Northam, and H. Jones, who have appealed.

The suit was commenced January 20, 1874, against Burr and one O'Reilly, who were served and answered. March 8, 1875, the plaintiffs filed an amended complaint, naming as defendants O'Reilly, Northam, Burr, Silva, and John Doe Jones. A second amended complaint (on which, and answers thereto, the action was tried) was filed August 29, 1878, naming as defendants O'Reilly, one Haubricht, Burr, Northam, Silva, Henry Jones, John Doe, Peter Roe, and Richard Roe, the last three

being stated to be fictitious names. The defendants answered, alleging that the cause of action was barred by sections 315, 316, 318, 319, and 320 of the Code of Civil Procedure.

On the trial plaintiffs gave in evidence a patent of the State of California (swamp and overflowed lands), dated November 29, 1871, to themselves; also a certificate of purchase, dated September 9, 1859, to F. P. Tracy, together with evidence to show that they had acquired the right of F. P. Tracy under the certificate.

First. The evidence as to possession showed that O'Reilly was not in possession when the suit was commenced, January 20, 1874. He had been in possession, and on the 10th of December, 1873, executed a deed to Burr and Northam, who have ever since claimed to own the land. From December 10, 1873 (when Burr and Northam took the deed from O'Reilly), until about the middle of 1874, defendant Jones was in possession as tenant of Burr and Northam, at which latter time Haubricht went in under lease from them; Haubricht was in possession at the time of filing the second amended complaint, by which he was made a party. It will thus be seen that when the suit was commenced, January 20, 1874, Burr and O'Reilly were not proper parties defendant. O'Reilly was made a party, but was not in possession; Jones was in possession, but was not made a party; and Burr being out of actual possession, was not joined with his tenant Jones.

By the first amended complaint, O'Reilly was again erroneously made a party; and Silva, Jones, Northam, and Burr were joined with him. In the second amended complaint the error as to O'Reilly was repeated; Haubricht (then in possession) was joined, as were his landlords Burr and Northam.

On motion of defendants' counsel the court granted nonsuit as to defendants O'Reilly, Haubricht, and Silva, and denied their motion for nonsuit as to Jones. The defendants then moved for nonsuit as to defendants Burr and Northam, and each of them, on the ground that it was not proven that either of them was in possession personally, or was the landlord of any defendant who was in possession at the time the action was commenced as against such defendant. As to these motions and rulings we have to say, the motion was properly granted as to

O'Reilly and Silva, it was properly denied as to Jones—he was not in possession at either of the times when he was named as defendant, to wit, March 8, 1875, and August 29, 1878, but he was in possession when the suit was commenced, January 20, 1874; and when the complaint was amended March 8, 1875, and again August 20, 1878, the amended complaints respectively took the place of the preceding complaint. " The amended complaint supersedes the original, but there is no dismissal of the action. It simply takes the place of the other. No new or different action is commenced, and no new cause of action is introduced. There is no change in the identity of the cause of action. That is the same as before, and the commencement of the action dates from the filing of the original complaint and issuing of summons thereon." (*Barber* v. *Reynolds*, 33 Cal. 501; *Jones* v. *Frost*, 28 Cal. 246.) The motion was properly denied as to Burr and Northam—their tenant Jones was in when the suit was commenced; he was a proper party, being in possession (*Klink* v. *Cohen*, 13 Cal. 623), and they were properly joined with him (§ 379, Code Civ. Proc.); the granting of the motion as to Haubricht would not entitle the landlords to a nonsuit, Jones being in possession as their tenant when the suit was commenced; the plaintiffs were entitled to pursue their action.

Second. The defendants assert that the land in controversy is located within five miles of the city and county of San Francisco, and claim that the patent is therefore void under section 70, Statutes 1869–70, p. 877. Conceding that the land is within the limits mentioned, it is sufficient answer to say that it appears from the certificate of purchase that the State received, September 9, 1859, payment in full for the land, and issued its certificate of purchase under the Act of 1858. (Statutes 1858, p. 198.)

The Act of 1858 did not forbid the sale of lands within the limits of five miles beyond the city and county of San Francisco. The purchaser had acquired vested rights under that act; by the terms of that act (§ 7) the purchaser or his assignee or legal representatives would be entitled to a patent after the lands should have been confirmed to the State. The Act of March 28, 1868 (Statutes 1867–68, p. 528, § 70), and the Act of April

4, 1870 (Statutes 1869–70), amendatory thereof, containing the prohibition against the sale of swamp and overflowed, salt marsh, and tide lands, within five miles of the city and county of San Francisco, did not pretend to, nor would they, defeat the right of the purchaser under the Act of 1858, or those claiming under him, to a patent.

Third. The defendants offered to prove that they and those under whom they claim had been in the exclusive, actual, and continued occupation and possession of the premises, claiming to own the same as against all the world, for more than ten years prior to the issuance of the patent to plaintiffs, and for more than fifteen years prior to the commencement of this action; also that the State, or any one claiming under the State, had not received the rents, issues, or profits of the premises within that period. The giving of the testimony was objected to, and the objection was sustained.

This court held in *Manly* v. *Howlett*, 55 Cal. 94, regarding swamp and overflowed lands, that the certificate of purchase did not pass the title *as title;* that in a suit for the recovery of the land commenced after the issuance of the patent, the Statute of Limitations cannot be held to have commenced running prior to the date of the patent. The counsel for defendants, in commenting upon the application of the decision in that case to the case now before us, urge that sections 315 and 316 were not involved in that case, and therefore that decision has no application here. In a recent case in this court (*Wright* v. *Rosebery*, 63 Cal. 252), we had occasion to comment upon the effect of the acts of Congress regarding swamp and overflowed lands, especially the Acts of September 28, 1850, and July 23, 1866, requiring the commissioner of the general land office to certify swamp and overflowed lands to the State. Although the Act of 1850 was a general grant to the State of all swamp and overflowed lands within the State, yet the character of swamp and overflowed would not be definitely fixed upon a specific tract until the action of the proper federal officers; and the offer of the defendants did not embrace the proof that such action was had more than ten years before the suit was commenced. It is true the plaintiffs did not prove such action; but their patent raised the presumption that all neces-

sary steps had been taken. Even conceding (which we do not) that if the land had been certified to the State more than ten years before the commencement of the action, it would have been barred by sections 315 and 316, Code of Civil Procedure, we are of opinion that the offer of defendants did not embrace sufficient to present a defense to the plaintiffs' right of recovery.

We see no error in the record prejudicial to the appellants.

The judgment is affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.