[No. 11535.   Department One. — May 25, 1889.]

# W. K. VANDERSLICE ET AL., RESPONDENTS, *v.* LOUISE E. MATTHEWS, ADMINISTRATRIX ETC., APPELLANT.

APPEAL — REVIEW OF ERRORS — SET-OFF. — Upon appeal by a defendant
from a judgment for costs in his favor, upon the allowance of a set-off
against plaintiff's claim, no question as to the correctness of the judg-
ment against the plaintiff can be considered.   If the appeal is upon the
judgment roll, and the findings support the set-off, defendant can have
no further judgment.

DGE — SET-OFF OF DEBT SECURED. — In an action for the value of arti-
cles pledged, which were not returned upon demand and tender of the
amount due, the indebtedness secured by the pledge is properly set off
against the value of the articles.

ID. — ACTION FOR RETURN OR VALUE — ESTATES OF DECEASED PERSONS —
AMENDED COMPLAINT — STATUTE OF LIMITATIONS. — When an action is
brought against an administrator for the return of articles pledged to
the decedent or for their value, and the complaint is amended by striking
out the prayer for their return, but alleging the same facts as alleged in
the original complaint as the foundation of the action, there is no change
in the identity of the cause of action, and the statute of limitations as to
actions against the estates of deceased persons runs only to the filing of
the original complaint.

ID. — IDENTIFICATION OF ARTICLES PLEDGED — FINDING. — A finding that
articles were pledged which correspond in description to the articles
described in the complaint, and alleged to have been pledged, is a suffi-
cient identification of the articles, without averring in the finding that
they were the same articles described in the complaint, there being noth-
ing in the record to show that the finding could have related to any other
articles.

LXXIX. CAL.—18

ID. — LOSS OF PLEDGED ARTICLES — PLEADING — FINDING IN ABSENCE OF
TESTIMONY. — When the answer in an action for the value of pledged
property not returned upon demand and tender of the amount due
pleads as new matter that the articles pledged were lost or stolen from
the pledgee without fault or negligence, and there is no testimony upon
the subject of such loss or stealing, it is proper for the court to find
against the defendant upon the issue thus made.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The court found that the value of the pledged articles
was $1,522.26, being the exact amount due on the note,
for principal and interest at the date of the findings.
The further facts are stated in the opinion.

*Robert Harrison,* and *William Douthitt,* for Appellant.

*Gordon & Young,* for Respondents.

FOOTE, C. — This action was originally brought against
Elizabeth D. Traylor, as the administratrix of the estate
of W. W. Traylor, deceased. The complaint alleged that
the plaintiffs borrowed a certain sum of money from W.
W. Traylor in his lifetime, and gave him as collateral
security for the payment thereof a certain watch and
two pairs of diamond ear-rings, valued at two thousand
dollars; that at Traylor's death a part of the money bor-
rowed remaining unpaid, the plaintiffs, on the twenty-
first day of November, 1883, tendered it to Elizabeth
D. Traylor, the administratrix of said decedent, and de-
manded the return of the articles pledged as collateral;
that she refused to return them; that afterward, on the
twenty-fourth day of November, 1883, the plaintiffs pre-
sented for allowance to the administratrix their claim in
writing against the estate of her decedent, duly verified,
and containing all things necessary according to law,
etc., upon which this action is founded, for the return
of the articles pledged or the value thereof, viz., the sum

of two thousand dollars; that upon the last-mentioned day the administratrix refused to allow the claim or any part of it, and wholly rejected it.

The prayer of that complaint is for judgment against the administratrix; that she return the property pledged, or in case a return cannot be had, for the value thereof, two thousand dollars, etc., payable in due course of administration, etc.

This complaint was filed on the tenth day of January, 1884,—less than three months after the date of the rejection of the claim.

Afterward, by leave of the court, an amended complaint was filed on the seventh day of August, 1884. The allegations are the same in both complaints, the latter complaint differing from the first in the respect only that the prayer of the latter omits to ask for the return of the property, and confines the relief prayed for to a judgment, payable in due course of administration, for the value of the property,—two thousand dollars.

The administratrix answered the amended complaint, denying generally the facts alleged in it, and setting up the special defenses that the cause of action was barred by the statute of limitations under section 1498 of the Code of Civil Procedure; that the decedent lost the articles pledged without any fault or negligence on his part, and that they were stolen from him without his knowledge or negligence before coming into the custody of any representative of his estate.

She then preferred a counterclaim upon a promissory note made by the plaintiffs to W. W. Traylor, deceased, for $1,151.63, dated March 29, 1882, and prayed for judgment for that sum, interest and costs.

The trial court made findings, in which, among other things, in its third finding, it declares: "That at the time of the making of said promissory note as aforesaid, and at the time of its delivery as aforesaid, said W. W. Traylor held as collateral security for the pay-

ment of said note one gold chronograph watch and two pairs of diamond ear-rings, all of which was the property of these plaintiffs."

The findings of fact and conclusions of law were filed on the 12th of August, 1885, but no judgment had been entered when the administratrix, Elizabeth D. Traylor, died on the 21st of October, 1885. On the 1st of December, 1885, the present defendant, Louise E. Matthews, was appointed the administratrix of the estate of Mrs. Elizabeth D. Traylor, deceased, and was substituted as defendant in the cause, and on the first day of February, 1886, a judgment *nunc pro tunc* upon the above-mentioned findings was entered.

The findings, among other things, show that the watch and two pairs of diamond ear-rings were pledged to W. W. Traylor in his lifetime to secure the payment of a promissory note, which, with interest, amounted at the date of this judgment to the sum of $1,522.26; that the articles thus pledged were never returned to the plaintiffs, nor were lost by or stolen from W. W. Traylor in his lifetime, nor were they, or either of them, lost or stolen after his death; that the plaintiffs tendered the amount due upon the note to the administratrix, conditioned on her delivering up to them the watch and ear-rings, which she did not do, as she declared she did not have them; that the claim was duly presented to her for the amount of money claimed to be the value of the articles pledged, which she rejected.

As a conclusion of law, it is held that the defendant, administratrix, is entitled to offset the amount of the promissory note and interest against the plaintiffs' claim. The judgment was for the defendant, that she recover her costs and disbursements, from which, and an order refusing a new trial, she appeals.

No question as to the correctness of the judgment against the plaintiffs can be considered, because they have not appealed. The judgment is therefore final as

to them, and conclusive as against their right to recover. So far as the defendant is concerned, upon the findings as made, she can have no further judgment as against the plaintiffs, for the reason that the amount of her counterclaim is offset by the plaintiffs' claim against the decedent's estate.

The point is made that the amended complaint states a different cause of action from the original complaint, and as the first-mentioned pleading was not filed until more than three months had elapsed from the rejection of the claim which was then due, and on which it was based, that the action is barred under section 1498 of the Code of Civil Procedure.

The cause of action is the same in both complaints, for the same facts are alleged in both as being the foundation of the action; the same evidence is required to prove the statements of facts in one as in the other. In such case "there is no change in the identity of the cause of action. That is the same as before, and the commencement of the action dates from the filing of the original complaint." (*Easton* v. *O'Reilly*, 63 Cal. 308.)

The facts set out in the amended complaint state no new cause of action, and the plaintiffs' cause is not barred by the statute of limitations. (*Easton* v. *O'Reilly, supra; Cox* v. *McLaughlin*, 76 Cal. 60.)

It is further claimed that the evidence is not sufficient to uphold the third finding. This contention is without force.

The point made that the finding does not identify the property mentioned in the complaint is untenable. There is nothing in the record to show that the finding could have related to any diamond ear-rings except the two pairs mentioned in the complaint, and it is plain that the finding is responsive to the allegation contained in that pleading, and refers to the two pairs of ear-rings there described, and no others.

The court found against the allegation set up as new matter in the answer, i. e., that the articles left with Mr. Traylor during his lifetime were lost or stolen without fault or negligence, etc. That was proper; there was no testimony proving the allegation, and the court was right in finding against the defendant upon the issue thus made. (*Campbell* v. *Buckman*, 49 Cal. 368.) These are the only contentions urged by the appellant, and we advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.