JOHN A. HENDERSON AND SAMUEL P. CHAIRES, EX-
ECUTORS, ETC., APPELLANTS, VS. MARTHA M.
CHAIRES, APPELLEE.

EQUITY PRACTICE—LIMITATION OF ACTIONS FOR DOWER—DAMAGES FOR
DETENTION OF DOWER IN REALTY AND PERSONALTY.

1. In a chancery cause, whenever any matters that can be pleaded
as a bar to the suit, such, for example, as the statute of limita-
tions, is anticipated and avoided by the allegations of the bill,
a plea setting up suth matter in bar, in order to be effectual,
must deny the avoiding facts alleged in the bill, and must be
accompanied also by an answer denying or avoiding the avoid-
ing facts alleged in the bill, otherwise the allegations of the
bill are to be regarded as admittedly true, and the plea in such
case should be overruled when "set down for hearing," be-
cause the bar it sets up has been anticipated and avoided by
the undenied assertions of the bill.

2. Under section 16 of Chapter 1869 laws, approved February 27th,
1872, providing that "if an action shall be commenced within
the time prescribed therefor, and a judgment therein for the
plaintiff be reversed on appeal, the plaintiff, or, if he die, and
the cause of action survives, his heirs or representatives, may
commence a new action within one year after the reversal:
*Held,* That where a widow institutes a proceeding at law,
within four years after her husband's death, seeking an allot-
ment of her dower in the realty and personalty of his estate,
and the judgment that she recovers in such law proceeding is
reversed on appeal by the appellate court, and, within one
year after such reversal, she institutes her suit in chancery
against the same defendants in the reversed law proceeding,
seeking therein the allotment of her dower, such chancery suit
is not barred by the statute of limitations, though more than
four years have elapsed since the death of her husband before
such chancery suit was instituted.

3. Under the provisions of section 10, page 477, McClellan's Digest,
it became the duty of executors or administrators of an estate
to set apart and allot to the widow of the deceased her dower
interest in the real and personal property of the estate as soon
as practicable after the death of the husband, and it was made
their duty to do so, at farthest, within two months after the

424          SUPREME COURT.

Henderson and Chaires, Exrs., etc., v. Chaires.—Opinion of Court.

husband's death, otherwise, it then became the duty of the county judge to require them to set it apart to her: *Held,* That under this statute, where executors fail to set apart to the widow her dower in the proceeds of sales made by them of the personalty of the estate, she is entitled to recover interest at the legal rate on all sums so withheld, from a date two months subsequent to the date of the husband's death.

4. Where the executors of a widow's deceased husband fail to set apart to her as dower her one-third part of the lands of the estate, and prevent her getting possession thereof, she becomes entitled to one-third part of the net rents and profits arising from all the lands of the estate during the time that her portion of the land itself is withheld from her after the death of her husband; and she becomes entitled to such rents and profits at the time, each year, that the same is received by the executors, together with interest at the legal rate, if it is not paid to her, from the time, each year, that it is received by the executors. In arriving at the amount of such net rents and profits, deductions should be made from the gross rents for the annual taxes assessed on the lands, and for all amounts necessarily expended in keeping the premises in repair, or in condition to command rents. The general rule in arriving at the gross amount of such rentals is, not what the executors may actually have received as rents, but to take the actual rental value of the land for each year, such as it may be proven to be worth.

Appeal from the Circuit Court for Leon county.

The facts in the case are stated in the opinion of the court.

*John W. Malone,* for Appellants.

*R. W. Williams,* for Appellee.

TAYLOR, J.:

On the 14th day of September, 1889, the appellee, Martha M. Chaires, filed her bill in equity in the Circuit Court for Leon county against the appellants, John A. Henderson and Samuel P. Chaires, as executors of Charles P. Chaires, deceased, in which she al-

JANUARY TERM, 1895.          425

Henderson and Chaires. Exrs., etc., v. Chaires —Opinion of Court.

leges, in substance, that she is the widow of said
·Charles P. Chaires, deceased, who was a citizen of Leon
·county, Florida, and who died on the 17th day of Au-
gust, A. D. 1881, without issue.   That letters testa-
mentary on his estate were granted to John A. Hen-
·derson and Samuel P. Chaires.by the county judge of
Leon county.   That said executors entered and took
possession of the personal estate and effects of the said
·deceased to a large amount, and also entered into pos-
·session of the real estate of said deceased, or into the
receipt of the rents and profits thereof, and have ever
since continued and now are in such possession or re-
ceipt, except as hereafter shown.   That she, Martha
M. Chaires, on the 5th day of November, A. D. 1884,
filed her petition at law, under the dower act of Flor-
ida, in the Circuit Court of Leon county, for dower in
the real and personal estate of her said husband; to
which petition answer was filed by the said executors
·on the 17th day of November, 1884, denying her right
·to dower, and setting up a bar to her dower right.
That after pleading, evidence and hearing it was, on
the 8th day of August, A. D. 1885, adjudged and de-
·creed that she was entitled to her dower in said estate,
to-wit: one-third part of the realty and one-half of the
personalty, or the proceeds thereof; and directed that
commissioners be summoned to allot to her dower so
found to her right.   That commissioners were sum-
moned and did set apart to her by metes and bounds
the one-third portion of certain lands of the estate,
and did file and make their report thereof, which re-
port of said commissioners in dower was approved,
.and the allotment of land therein made was confirmed
by said court on the 21st day of October, A. D. 1885,
.and said commissioners were also directed to allot the
personal property and make their report thereon.   That

said commissioners reported that from a statement rendered them by Samuel P. Chaires, one of the executors, of the rentals received by him from the year 1881, to 1884, inclusive, they found due, and allotted to her, $1,323.40, "being one-half of said statement;" they also allotted to her $545, being one-half of the proceeds of cash sales of personal property as shown by report of the executors of the estate filed in the probate office, dated January 14th, 1882; also $51.10, the one-half value, as per appraisal, of personal property in the hands of the executors unsold, which report of said commissioners in dower was approved by said Circuit Court on the 18th day of November, A. D. 1885, and it was then adjudged and decreed that the executors of said estate pay to your oratrix the sums set apart to her by the commissioners in said report. That from these judgments and decrees the said executors entered their appeal to the Supreme Court of Florida on the 20th day of August, 1885, and on the 3rd day of December, 1885, filed their bond in appeal. That on the 4th day of June, 1889, and on the 8th day of June, 1889, a copy of the opinion and the mandate of said Supreme Court were filed in the said Circuit Court at law, by which mandate the said Circuit Court was informed that the decrees aforesaid dated August 8th, 1885, and October 21st, 1885, were affirmed, but that the decree dated November 18th, 1885, is reversed, "but without prejudice to the right of the petioner (your oratrix) to institute other appropriate proceedings to recover her portion of the estate, which is the subject-matter of said report," and that the case be remanded for further proceedings in accordance with said judgment. That by the said opinion of the Supreme Court the Circuit Court is informed that the allowances made by the commissioners in dower for rent of lands.

since the death of the testator, for money received from proceeds of sale of personal property, and of the appraised value of other personalty are proper allowances, except those of "one-half" of what was received for rents, which should have been one-third, but as that was a statutory proceeding in which only property of which the husband died possessed could be allotted, the decree confirming the report as to personalty must be reversed, but without prejudice to your oratrix to institute other appropriate proceedings to recover her portion of the estate which is the subject-matter of said report. That a decree of said Circuit Court at law was made on the 24th day of July, A. D. 1889, directing that a writ of possession issue to the sheriff of said court directing him to put your oratrix in possession of the lands and premises set apart to her. That under said writ she was put into possession of said lands allotted to her as dower on the 27th of July, 1889. That all of said proceedings appear of record in the office of the clerk of said Circuit Court, to which leave of reference is prayed. That one-half of the personal property of which her said husband died possessed became hers absolutely, and should have been set apart to her by the executors; that such was not done, but said executors sold said personal property and retained from her the proceeds, whereof she became and is entitled to receive one-half of said proceeds. That such personal property as was sold by the executors brought the sum of one thousand and ninety dollars and five cents as shown by their report, and that five hundred and forty-five dollars thereof your oratrix is entitled to receive. That personal property amounting to $102.20 on the appraised list of personal property of said estate was not included in said report of sale, and that she is entitled to one-half

of said appraised value, to-wit: $51.10; aggregating $596.10 for personal property. That your oratrix is entitled to one-third of the income from the real estate of said estate from the death of her husband on the 17th day of August, 1881, to the 21st day of October, 1885, when the report of the commissioners in dower, and their action in putting her into possession of certain portions of said lands, was confirmed and ratified by the court. That said income amounted to $2,646.80, and that she is entitled to one-third thereof, amounting to $882.26. That the defendants took possession of the lands set apart to her under their appeal bond filed on their aforesaid appeal, and have retained such possession from the said 21st day of October, 1885, until dispossessed thereof by the sheriff on the 27th day of July, 1889, and that your oratrix is entitled to rent for said land from the defendants from said 21st of October, 1885, to July 27th, 1889. That said lands are fairly worth a yearly rental of four hundred dollars, aggregating sixteen hundred dollars for the four years —1885 to 1889—and to which amount she is entitled. That she is entitled to receive interest at the legal rate upon each sum of money which should have been received by her from the time it became due or was actually received by the defendants. That she has received no part of her dower, nor any part or portion whatever, of or from the estate of her late husband, real or personal, money or other, except as before stated. That she has recently been put in possession of certain lands set apart to her, although eight years have passed since she was entitled to be placed in possession of said property. That she has not had the use or occupancy of the residence, nor any allowance as widow, as provided by the statute. That she has been kept out of the possession and enjoyment of this property by the

JANUARY TERM, 1895.            429

Henderson and Chaires, Exrs.. etc., v. Chaires.—Opinion of Court.

executors of the estate for years past, and although often asked to account with and pay to your oratrix the portion of said personal property, rents and profits due to her as widow, they have refused and have failed to do so. That the sum of $3,078.36 is due to her from said estate with interest. The bill prays for an accounting by the defendants as executors for the personal property of the estate, and for the rents and profits for the real estate that have accrued since the death of the deceased, and that one-half of the proceeds of the personal property, and one half of the appraised value of the unsold personalty, and one-third of the rents and profits of the real estate be decreed to be paid to her as dower, with interest thereon.

To this bill the defendant executors filed a plea to the effect:   That Charles P. Chaires died testate on the 17th day of August, A. D. 1881, and that they qualified as executors of his will on the 7th day of September, 1881, and then took possession of the real and personal property of said testator, and that any right of action that the complainant might have had to said real and personal estate, or to any part thereof, accrued at the date of the death of the defendant's testator, and more than four years before the commencement of this suit, or the filing of the bill of complaint herein; and that if the complainant had any right of action or suit against these defendants for or concerning any of the matters alleged in said bill, that such right or cause of action did not accrue or arise within three years, nor four years, before said bill was filed, and that the said suit was not commenced within three years, nor within four years, after the said cause of action accrued, nor did the defendants at any time within four years before the filing of said bill promise or agree to come to any account, or to make satisfaction, or to pay

·any sum or sums of money for or by reason of any of the said matters, and that by a certain act of limitation in civil suits (Chapter 1869 laws of Florida) it was enacted that civil actions can only be commenced within the period prescribed in this act after the cause of action accrues; and that actions other than those for the recovery of real property can only be commenced as follows: within three years, an action for taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property. An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued. And these defendants plead the several matters aforesaid in bar of the complainant's claim, *etc.*

The complainant "set this plea down for hearing;" and, after argument, the plea was sustained on the 4th of January, 1890, the judge incorporating in the order sustaining the plea the further order "that the plaintiff have leave to reply to said plea on or before the next rule day." The complainant then filed a replication to said plea, reiterating therein the allegations of her bill as to the institution of her proceedings at law for allotment of dower, the judgments or decrees rendered therein by the Circuit Court, the appeals therefrom by the defendant as executors to the Supreme Court, the decision of the Supreme Court affirming the judgment below as to the allotment of dower in the lands, but reversing it in reference to the allotment in the personalty, but without prejudice to her right to institute another appropriate proceeding to recover her dower out of the personalty and out of the rents and profits of the realty. The replication further alleges that the complainant's bill in the present case was filed on the 14th day of September, 1889, and that she, the repliant,

has been in court seeking to recover her dower in said estate continuously since the 5th day of November, A. D. 1884, except for the few days between the 27th of July, 1889, and the 14th day of September, 1889; that she was especially allowed to institute this proceeding at this time by the judgment of the Supreme Court, and that for these and other reasons the said plea of the defendants is untrue, *etc.* Upon the filing of this replication the judge made an order that testimony should be taken before him at the hearing of the issue raised by the plea and replication at chambers. The parties by their counsel then admitted in writing that the facts, as to the complainant's proceedings at law for dower, the appeals to the Supreme Court by the defendants from the Circuit Court judgments therein, the decision of the Supreme Court thereon, and the respective dates thereof, as alleged in the bill and replication, were true. Whereupon the judge made an order overruling the defendants' plea of the statute of limitations, and requiring them to answer the bill by the next rule day. The defendants, instead of answering the bill, then filed their demurrer thereto upon the ground that, as to the one-third of the income from the real estate of the deceased from his death to the 21st of October, 1885, and as to the rents of the land set apart to the plaintiff as dower from the 21st of October, 1885, to the 27th of July, 1889, the complainant had not by her bill made such a case as entitled her to any discovery in a court of equity from them, or to any relief against them. This demurrer, upon motion, was stricken from the files. Thereupon the defendants as executors filed an answer to the bill, in which they admit that the complainant is the widow of Charles P. Chaires, deceased, and that he died testate on the 17th day of August, 1881, without issue;

432 SUPREME COURT.

Henderson and Chaires, Exrs., etc., v. Chaires.—Opinion of Court.

that letters testamentary were issued to them, and that they qualified as the executors of the will of the deceased, and took possession of the real and personal property of said estate; that the complainant did file her petition for dower in the real and personal estate of said deceased, and that such proceedings were had thereon as are alleged in her bill herein. They deny that the income arising from the real estate of their testator from the date of his death up to the 21st day of October, 1885, amounted to $2,646.80, but is a much smaller amount. They deny that they are liable to the complainant for rent of the land that was set apart to her for dower, and also deny that said land was worth a yearly rental of four hundred dollars. They further deny that the sum of $3,078.36 is due to the complainant from the estate of the deceased, with interest thereon. This answer was sworn to by one of the defendants, Samuel P. Chaires, alone. Issue was taken thereof by general replication; a commissioner was appointed to take the testimony, with directions that he take the same upon written interrogatories and cross-interrogatories to be submitted to him by the respective counsel, and that he reduce such examination to writing and report the same to the court; and it was further ordered that the parties complainant and defendants should have the right to use in evidence at the hearing of the cause, or at any time it should be necessary or proper to do so, the record and papers of file in the Circuit Court of Leon county, at law, in the case of the complainant herein against the defendants herein, filed November 5th, 1884, and disposed of by final decree on the 14th day of July, 1889, without the necessity of having the same copied for use as evidence.

The complainant filed with the examining commissioner, as evidence in the cause, an *ex parte* certificate signed, without verification, by divers persons, in which they certify that they had rented from the complainant a certain number of acres, each, of land in Leon county for the year 1890 at a specified rental stated; and also introduced a tax receipt given by the collector of revenue to the complainant in 1890 for the taxes assessed on her land for the year 1889. All of this evidence the defendants moved the court before the hearing to suppress and exclude, which motion seems not to have been disposed of or noticed.

Upon the filing of the evidence taken before the commissioner, and after repeated postponements of the final hearing noticed for divers dates, a final decree was rendered in the cause on the 22nd day of November, A. D. 1890, in favor of the complainant, adjudging that the sum of $3,596.83 be paid to her by the defendants as executors as her dower of one-half the proceeds of the personalty of said estate, and for her one-third part of the rents and profits from the lands of said estate, and that said amount was due on the 12th day of August, A. D. 1890, the date of the examiner's report, and that the said sum should bear interest from that date, besides the costs of the suit, to be collected out of the goods and chattels, lands and tenements of or belonging to said estate. Upon the rendition of this final decree the defendants petitioned the court for a rehearing of the cause upon the following grounds: 1st. Because publication of the testimony in said suit was neither ordered in the clerk's office by the judge of said court, nor at any time passed in said office by the consent of the parties. 2nd. A motion by defendants to suppress a portion of

434     SUPREME COURT.

Henderson and Chaires, Exrs., etc., v. Chaires.—Opinion of Court.

the evidence in said suit was on file therein and was pending and undetermined when said decree was granted. 3rd. Said suit was not set down for a hearing in accordance with the rules of practice in chancery. 4th. Because the notice given the defendants' solicitors of the time and place of the hearing was insufficient. 5th. Because at the time appointed for the hearing the defendants' solicitor was attending a term of the Circuit Court in another county, engaged in the trial of suits then pending therein, and could not attend said hearing without damage to other clients, and said decree was granted in his absence upon an *ex parte* hearing. 6th. There is no evidence in said suit to support the decree for the sum of $3,596.83, with interest thereon from the 12th day of August, 1890. 7th. The said decree was rendered by the judge in vacation, and not by the Circuit Court for Leon county. 8th. According to the evidence in said suits defendants realized from the sales of the personal property of said estate $1,090.05, and from the annual rents of the real estate, up to the 12th day of August, 1889, the gross sum of $5,010.05, but $1,022.10 thereof was applied to the payment of the annual taxes on said lands from 1882 to 1888 inclusive, and the additional sum of $682.48 in keeping said real estate in repair, and the additional sum of $532.50 in payment of the services of the said Samuel P. Chaires as executor in and about the renting of the lands and collecting the rents and keeping the premises in repair. The plaintiff, if entitled to dower in said moneys arising from the sale of the personal property and rents of the realty, was entitled to one-half of the said sum of $1,090.05, which is $545.03, and to one-third of the said sum of $5,010.05 after deducting therefrom the said sum of $1,022.10 paid for taxes, and $682.48 paid for keeping the realty in re-

pair, and $532.50 paid Samuel P. Chaires for his ser-
vices, which is $924.32; and the said decree should
have been rendered for the sum of $1,469.35, instead of
$3,596.83. This petition for rehearing was refused
and denied, and the defendant executors appeal to this
court.

The first question presented is, did the court below
err in overruling the defendants' plea of the statute of
limitations? In Branch vs. Cole, 18 Fla. 368, this
court held that actions for the recovery of dower and
mesne profits as dower, fell within the provisions of
section 12 of Chapter 1869, act of February 27th,
1872, and were barred, unless commenced within four
years after the right to such action accrued. The bill
in this cause, however, shows by its allegations that the
complainant, within four years after the death of her
husband, at which time her right of action for dower
accrued, did institute a proceeding at law in the Circuit
Court of Leon county for the recovery of her dower,
not only in the realty, but also in the personalty, and
out of the rents and profits in the hands of these de-
fendants as executors from the realty. The bill shows
further that that proceeding was protested by these
defendants as executors, and that they appealed to
this court from the judgments pornounced against
them in those proceedings. The bill further alleges
that this court, while confirming the judgment at law
in so far as the allotment of dower in the lands was
concerned, reversed the judgment below as to the per-
sonalty, and as to the rents and profits from the realty,
not because the complainant was not entitled to dower
therein, but because the allotment adjudged of one-
half of the rents and profits of the realty was too
much; that it should have been one-third thereof
instead of one-half, and because, under the circum-

stances of the case, she could not, in the statutory proceeding at law for the allotment of dower, have the commissioners in dower allot to her the funds in the hands of the executors arising from sales of the personalty and from the rents of the realty, and that she would have to recover it in some other appropriate preceeding, but that this court in reversing said judgment expressly provided that such reversal should be without prejudice to her right to institute such other appropriate remedy for the recovery thereof, as she might be advised.

Section 16 of Chapter 1869, *supra*, provids that "if an action shall be commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal, the plaintiff, or if he die and the cause of action survives, his heirs or representatives, may commence a new action within one year after the reversal." The bill in this case was filed within much less than a year after the reversal by this court of the judgment at law of the Circuit Court awarding the dower in the personalty and rents of the realty that is the subject-matter of this suit. We think, therefore, that the allegations of the bill completely avoided the bar of the statute set up by the plea. And as there was no answer accompanying the plea denying the allegations of fact in the bill that avoided the bar set up by the plea, those allegations not thus denied were to be taken as true, and the court should have overruled the plea on the hearing when it was first "set down for a hearing" upon the bill and plea, without requiring the complainant to reply thereto. Whenever, in such cases, the matter set up by plea, to be effectual as a bar, requires a denial of allegations contained in the bill that work an avoidance of such bar, then the plea, to operate as a bar,.

must itself deny those avoiding facts, and must be ac-
companied by an answer also denying the avoiding al-
legations of the bill. When a bill (as does the one
here) contains allegations of fact that, if true, will
avoid a bar of the statute of limitations, that would
exist against the institution of such suit were it not
for the existence of such avoiding facts, a plea setting
up the statute of limitations to such bill, in order to
be effectual as a bar, must deny the avoiding facts al-
leged and must be accompanied by an answer denying
or avoiding the avoiding facts alleged in the bill, other-
wise the allegations of the bill are to be regarded as
admittedly true, and the plea in such case should be
overruled, because the bar it sets up has been antici-
pated and avoided by the undenied assertions of the
bill. Armengaud vs. Coudert, 23 Blatch. (C. C.) 484;
Kane vs. Bloodgood, 7 Johns. Chy. 90, 133, S. C. 11
Am. Dec. 417; Bogardus vs. Trinity Church. 4 Paige
Chy. 178; Fish vs. Miller, 5 Paige Chy. 26; Morison
vs. Turnour, 18 Ves. Jr. 175; Goodrich vs. Pendleton,
3 Johns. Chy. 384; Bloodgood vs. Kane, 8 Cowen, 360.
That the institution of her suit at law, for the recovery
of her dower in the lands, personalty and rents and
profits, within four years after her right of action ac-
crued, and her institution of the present suit within
one year after the reversal by the appellate court of
her judgment in the law proceeding, takes her case out
of the bar of the statute, we think there can be no
doubt. Napier vs. Foster, 80 Ala. 379; Vanderslice
vs. Matthews, 79 Cal. 273, 21 Pac. Rep. 748; Little
Rock, M. R. & T. Ry. vs. Manees, 49 Ark. 248, 4 S.
W. Rep. 778; Drane vs. Hodges, 1 Harris & McH. 518;
Sellman vs. Bowen, 8 Gill & J. 50, S. E. 29 Am. Dec.
524. That the complainant is entitled, as her dower in
the estate of her deceased husband, to one-half of the

proceeds of the personal property of which he died seized and possessed, and to one-third of the annual rents and profits arising from the lands of which he died seized and possessed, up to the time when her one-third part of said land itself was set apart and allotted to her, has been already settled by this court when this cause was formerly here. Henderson and Chaires vs. Chaires, 25 Fla. 26, 37, 6 South. Rep. 164.

It is now contended that the decree appealed from awarded too large an amount. How the court below arrived at the amount decreed, we are unable to see from the record before us. The bill prayed for an accounting from the defendants as executors for the rents and profits realized by them from the lands of the estate. Instead of accounting by and in their answer, as they should have done, the answer contains nothing more than a bare denial of the allegation in the bill that the rents received amounted to a given sum, and avers that the rents received amounted to a much less sum than is alleged in the bill, but how much less, or what sum was actually received for rents, it fails to state. Yet the complainant, instead of requiring a full and complete accounting from the defendants by their answer under oath, rested content with the vague and indefinite answer filed, replied thereto, and went to the proofs thereon. The commissioner or master who took the testimony fails to state any account from the testimony, contenting himself with simply reporting to the court the testimony in bulk as it was taken, leaving to the court the task of fishing out from a confused mass of disconnected accounts, purporting to be annual returns filed by the executors in the probate court, the items for which the parties could be legitimately debited and credited; and, in this condition, the case has been dumped into the lap of this court,

JANUARY TERM, 1895.     439

Henderson and Chaires, Exrs., etc., v. Chaires.—Opinion of Court.

with the super-added task of finding out whether the figures of the court below were accurate or not. Were it not for the fact that the complainant has been for more than ten years persistently knocking at the doors of the courts for the enforcement of rights that, for aught that is shown to the contrary, should voluntarily have been accorded to her without any litigation at all, we should have remanded the cause for the taking of further testimony, and for the stating of some intelligible account between the parties upon which the court could frame a decree without being burdened with the time-consuming and purely clerical work of disentangling the figures of confused accounts; but we are convinced that this litigation has been carried far enough, and that it should be brought to an end, and for this reason we have undertaken the task of unraveling the accounts in evidence, and have arrived, from the evidence, though incomplete in itself, at what we deem to be an equitable adjustment of the respective rights of the parties. From that adjustment we find that the amount decreed by the court below was excessive, being much greater than the complainant, under the proofs, was fairly entitled to receive. The principles of law by which we have been governed in adjusting the amount to be decreed to the complainant are as follows: (1) Under the provisions of section 10, page 477 McClellan's Digest, it became the duty of the defendants, as executors, to set apart and allot to the complainant her dower interest in the real and personal property in her deceased husband's estate as soon as it was practicable to do so after the death of the husband, and it was made their duty to do so within two months, at farthest, after such death; otherwise it then became the duty of the county judge to require them to set it apart to her. The bill alleges, and the answer

admits, that the husband here died on the 17th day of August, A. D. 1881. Under the above statute the defendants should have set apart to the complainant widow her one-half of the personal property of the estate by the 16th day of October, 1881, at farthest; having failed to do so, she became entitled to interest at the statutory rate of eight *per cent. per annum* on the one-half of the proceeds of the sale of said personal property to which she was then entitled as dower, from the date last above given, including therein one-half of the officially appraised value of some of the personal effects that were not sold, but retained by the executors. (2) Under the statute above cited the complainant widow also became entitled, at once upon the death of her husband, to an equal one-third part, according to quantity and quality, of the lands of which her husband died seized and possessed, or that he had before conveyed during his coverture with the complainant and in which she had not released her dower. This one-third part of the lands not having been put in her possession until July, A. D. 1889, she became entitled to one-third part of the net rents and profits arising therefrom for each year after the death of her husband, and up to the time when she was put into possession of her one-third of the land itself; and she became entitled to one-third of such rents and profits at the time, each year, that such rents were received by the defendant executors. She therefore became entitled to interest, for the detention thereof, on the amount going to her of each year's net rental from the dates, respectively, when such annual rents were received by the executors; and, as the annual returns of the executors, filed with the probate court and introduced in evidence herein, is all the legitimate evidence in the record showing either what rents were actually

received from the lands of the estate, or what was the rental value of said lands, and as these returns show that the annual rentals for each year were received by the defendants along at different dates during the last month or two of the year to which such rents belonged, and during the first month or two of the succeeding year, we deem it equitable to allow interest upon the complainant's part of each year's rent from the first day of January of the year next succeeding the year for which such rents were paid, that being an equitable intermediate date from among the different dates when such annual rents were collected. (3) The complainant widow is entitled, during the year that her dower lands were detained from her, to one-third part of the net rents and profits arising thereon after deducting the annual taxes assessed thereon, and all amounts necessarily expended in keeping the premises in repair, or in condition to command rents. The general rule in arriving at the amount of such rentals is, not what the defendants may have actually received as rents, but to take the actual rental value of the lands for each year, such as it may be proven to be worth. Hannah K. Chase's Case, 1 Bland's Chy. 206, 231, S. C. 17 Am. Dec. 277; Riley vs. Clamorgan & Rippey, 15 Mo. 331; Darnall vs. Hill, 12 Gill & J. 388; Hazen vs. Thurber, 4 Johns. Chy. 604. In Keith vs. Trapier, 1 Bailey's Eq. 63, the doctrine is announced, and we think with propriety, that the decreeing an account for arrears in dower rests on the same grounds precisely as the decreeing an account for the rents and profits of real estate. Ringhouse vs. Keener, 63 Ill, 230; Tew vs. Earl of Winterton,—Forster vs. Forster, 1 Ves. Jr. 451 and notes; Vandevoort vs. Gould, 36 N. Y. 639; Wallace vs. Berdell, 101 N. Y. 13; New Orleans vs. Gaines, 15 Wall. 624.

The complainant contends in her bill that the annual rental of the portion of the land as assigned to her as dower is well worth four hundred dollars, and she claims a recovery in her bill of this sum annually for the four years that her part of the land was detained from her after it had been allotted by the commissioners in dower, but when we look at the proofs we find no evidence at all, that we can legally recognize, as to what the annual rental value of any of the land really was. The complainant introduced in evidence before the commissioner some *ex parte* certificates signed by divers parties in which they assert that they had each rented a certain number of acres of land in Leon county, Florida, for the year 1890 from the complainant, and had agreed to pay her as rent therefor certain designated amounts; and her counsel now contends that this proof establishes the rental value. But upon no known rule of evidence can we recognize these certificates as proof of anything whatever. They are *ex parte*, are not sworn to, there is nothing to identify the land they speak of with the premises in dispute, and they speak of rents for a year subsequent to the years in controversy; and they should have been suppressed and stricken from the record on the defendants' motion for that purpose made before the hearing of the cause. With these certificates out of view there is absolutely no attempt at any proof as to the rental value of the land. The complainant in her bill, however, sets out specifically how much rents the defendants had actually received from all the lands of the estate for the years intervening between the death of her husband and the time her dower land was allotted to her by the commissioners in dower, and she contents herself with the claim to one-third part of these rents so actually received. To establish the amounts so

JANUARY TERM, 1895.            443

Henderson and Chaires, Exrs., etc., v. Chaires.—Opinion of Court.

actually received, she introduced in evidence the an-
nual returns filed by the executors with the probate
court, and, as these returns exhibit the receipts by the
executors of the annual rents from all the lands of the
estate, including the complainant's dower land, for all
the years from the death of the husband down to and,
including the year 1888, and as the complainant seems
to be satisfied to take as her portion one-third of the
rents actually received for the years anterior to the
allottment of the lands itself, and as she has intro-
duced no proof to show the actual rental value, outside
of what is shown by such returns of the executors, we,
in our adjustment of the matter, have taken those an-
nual returns of the executors as the basis for ascertaining
the amount to be allowed the complainant for her por-
tion of the rents and profits of these lands. From
these returns we have first stricken out all the items
credited therein to the executor, Samuel P. Chaires,
for his personal services in looking after and renting
the lands and collecting rents, etc. For these services
he may look to the estate, but so far as the complain-
ant is concerned they should not be allowed to diminish
her dower claim. So far as she was concerned her
portion of the land should have been delivered into
her possession within two months after her husband's
death, and the labor of renting her portion of the land
and collecting the rentals thereof was adverse to her
wishes; and no deduction should be made from her
part of said rentals in payment for services that were
rendered in connection with her property contrary to
her wishes and in antagonism to her rights. The de-
tention from her of her part of the land was wrongful,
and the executors should not be remunerated out of
her share of the rentals thereof for their own wrong.

We find also in these returns of the executors, as

credits, several items of payment upon a note or notes and interest paid thereon. As the widow's dower has perference over the debts of the estate, we have disallowed and stricken these items also. With the exceptions above mentioned, we have allowed as credits to the defendants all the other items of credit in their returns exhibited in proof, since, from the character of the items, they appear to be payments for materials, work and labor ordinarily necessary to the keeping in repair of such agricultural lands as are involved herein. After making all proper allowances and deductions for taxes paid by the executors and for payments made by the executors in keeping the lands in repair, we find, from the returns of the defendant executors in proof, that the following net amounts, with interest to be added as indicated below, are now due and owing from the defendants, as executors, to the complainant herein, viz: For her one-half of the personal property, sold and unsold, of which her husband died seized and possessed, the sum of five hundred and ninety-five dollars and sixty-two cents, with interest to be added thereon at the rate of eight per cent. per annum from the 16th day of October, A. D. 1881, up to the date of the decree to be hereafter entered. As her one-third of the rents received for the year A. D. 1881, after making all deductions for taxes and repairs, she is also entitled to one hundred and ninety-eight dollars and eighty-three cents, with interest thereon to be added at the rate of eight *per cent. per annum* from January first, A. D. 1882, to the date of the decree to be entered; and to the further sum of two hundred and twenty-five dollars and ninety-five cents as her net one-third of the rents received for the year A. D. 1882, with interest to be added thereon at the above-named rate from the first

day of January, A. D. 1883, to the date of the decree
to be entered, and to the further sum of seventy-eight
dollars and ninety-two cents as her net one-third of
the rents received for the year A. D. 1883, with inter-
est to be added thereon at the above-named rate from
the first day of January, A. D. 1884, to the date of the
decree to be entered; and to the further sum of one
hundred and eight dollars and twenty-four cents as
her net one-third of the rents received for the year A.
D. 1884, with interest to be added thereon at the same
rate from the first day of January, A. D. 1885, to the
date of the decree to be entered; and to the further
sum of one hundred and forty-five dollars and forty-
two cents as her net one-third of the rents received for
the year A. D. 1885, with interest to be added thereon
at the same rate from the first day of January, A. D.
1886, to the date of the decree to be entered; and to
the further sum of one hundred and forty-five dollars
and seventy-eight cents as her net one-third of the
rents received for the year A. D. 1886, together with
interest to be added thereon at the same rate from the
first day of January, A. D. 1887, to the date of the
decree to be entered; and to the further sum of two
hundred and thirteen dollars and two cents as her net
one-third of the rents received for the year A. D. 1887,
together with interest thereon to be added at the same
rate from the first day of January, A. D. 1888, to the
date of the decree to be entered; and to the further
sum of forty dollars and nineteen cents as her net one-
third of the rents received for the year A. D. 1888,
together with interest to be added thereon at the same
rate from the first day of January, A. D. 1889, to the
date of the decree to be entered.

The decree appealed from is reversed, with directions
to enter a decree in its stead in favor of the complain-

ant, against the defendants as executors, for the re-
spective amounts as herein above indicated, with inter-
est thereon to be added from the respective dates as
herein above indicated up to the date of such decree
at the rate of eight *per cent. per annum;* the said de-
cree to be for the aggregated amount of said several
sums after the additions of interest have been made to
the said several amounts, and that the appellee do pay
the costs of this appeal.